UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 6:04-cr-00022-GRA-3 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Henry Earl Miller, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant Henry Earl Miller's ("Defendant") Motion for Judicial Review of Government's Failure to File a Rule 35(b) Motion on Behalf of Defendant. For the reasons stated herein, this Court denies Defendant's Motion.

## Background

On March 4, 2005, Defendant pled guilty to two counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d), and two counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). *See* ECF No. 179. Prior to sentencing, the Government moved for downward departure pursuant to Section 5K1.1 of the United States Sentencing Commission Guidelines. Taking that motion into consideration, on July 8, 2005, the Court entered judgment, sentencing Defendant to a term of 300 months imprisonment to be followed by five (5) years of supervised release. Defendant filed the instant motion on November 15, 2012.[1]

## Standard of Review

Petitioner brings this motion *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## Discussion

The decision to file a substantial-assistance motion is a matter generally left to the discretion of the Government; *see* Fed. R. Crim. P. 35(b); *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993), however, "[a] Court may remedy the government's refusal to move for a reduction of sentence if: (1) the government has obligated itself to move for a reduction under the terms of the plea agreement, or (2) the government's refusal to move for a reduction was based on an unconstitutional motive."  *United States v. Huskins*, 318 Fed. App'x 249, 250 (4th Cir. 2009) (per curiam).  The defendant must do more than provide substantial assistance, because such assistance in and of itself does not entitle a defendant to a judicially-ordered remedy or a hearing on the matter.  *See Wade v. United States*, 504 U.S. 181, 186 (1992); *Huskins*, 318 Fed. App'x at 250.  Rather, the defendant must make a threshold showing that the government breached the plea agreement or based its decision on unconstitutional motives.  *See Huskins*, 318 Fed. App'x at 250.  Furthermore, "generalized allegations of improper motive" are not sufficient to prove that the government has acted with an unconstitutional motive.  *Wade*, 504 U.S. at 181, 186.

The record reveals that the government moved for downward departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines during Defendant's sentencing hearing.  Sentencing Tr. 2, ECF No. 238.  At the time, Defendant's sentence was subject to two statutorily-mandated minimums: seven (7) years consecutive for Count 2, and

twenty-five (25) years consecutive for Count 4. *Id.* The Guideline range for Counts One and Three was sixty-three (63) to seventy-eight (78) months, which had to run consecutively to Counts Two and Four. *Id.* Thus, Defendant was facing a term of imprisonment of at least 447 months. The government's Motion to Depart from the Guidelines allowed the Honorable Henry F. Floyd, the sentencing judge in this case, to go below the statutorily-mandated minimum and sentence Defendant to a total of 300 months imprisonment, a term well under the recommended sentence. *See* ECF No. 220.

Defendant contends that he provided substantial assistance to the government and that at his sentencing the government "declared in open court under oath" that he had provided information on the illegal activity of two people unrelated to his case, in addition to assisting the government with his case. ECF No. 672. Defendant also alleges that he was "explicitly promised by the Government, that a downward departure motion would be filed on his behalf." *Id.* At the sentencing hearing, the government presented its Motion to Depart from the Guidelines. The Assistant United States Attorney specifically stated that: "[b]ased upon his cooperation in this case *and his cooperation in providing information relating to some other illegal involvement* the government does view his assistance as substantial and is requesting your Honor to depart downward from the sentence in this case." Sentencing Transcript 4, ECF No. 238 (emphasis added). Defendant has thus already been rewarded for the information that he provided to the government. He has not alleged that he has provided the government with any additional information since his sentencing.

The plea agreement between Defendant and the government states:

Provided the Defendant, HENRY EARL MILLER, cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by Attorneys for the Government as providing substantial assistance in the investigation or

prosecution of another person who has committed an offense, the Attorneys for the Government agree to move the Court to depart from the United States Sentencing Commission Guidelines, pursuant to §5K1.1 of those Guidelines, and Title 18 United States Code, Section 3553(e), and/or move for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant, Henry Earl Miller, further understands that any such motions by the Attorneys for the Government are not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw his plea. . . . The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties . . . and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

Plea Agreement 4–6, ECF No. 175. In *United States v. Huskins*, 318 Fed. App'x 249, 250 (4th Cir. 2009) (per curiam) the Fourth Circuit held that the government had not violated a plea agreement, because it had "unfettered discretion to determine whether [the defendant's] 'assistance has been substantial' and provided that, if the government decided that her assistance was substantial, the government 'may make a motion pursuant to § 5K1.1 . . . .'" The Court found that the government had not "obligated itself to move for a departure or breach the agreement by finding [that the defendant's] assistance [was] less than substantial." *Id.* at 250. Likewise, in this case, the government is under no obligation to file a 35(b) Motion if it does not deem Defendant's assistance as being substantial. The government filed a § 5K1.1 motion at Defendant's sentencing hearing, based on the assistance that he provided pre-sentencing. Even if he has provided additional assistance, which he has not alleged, the government is under no obligation to file a 35(b) Motion if that assistance has not been substantial. Accordingly, Defendant has failed to make a threshold showing that the government has breached the Plea Agreement.

Defendant also contends that he "earnestly believes that his race (i.e., African American) and the type of crime for which he stands convicted, are the primary motivating

reasons why the Government has so far failed to honor Its promise to file the Rule 35(b) motion . . . ."  ECF No. 672.  He does not claim to have any evidence to support this allegation, and therefore, has not made the requisite threshold showing that the government has refused to file a 35(b) Motion because of unconstitutional motives. *See Wade v. United States*, 504 U.S. 181, 186 (1992) (holding that "generalized allegations of improper motive" are not enough to entitle a defendant to a remedy for the government's refusal to file a downward departure motion).

Finally, out of an abundance of caution, the Court contacted the United States Attorney's Office and requested information on any assistance that Defendant has provided.  The Court is informed that Defendant has not provided any unrewarded assistance to the government.  As the government has filed no motion in this matter, and Defendant has failed to make the threshold showing that he is entitled to relief, the Court is unable to grant a reduction, or to hold a hearing on the matter.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Judicial Review of Government's Failure to File a Rule 35(b) Motion is DENIED.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

December  20 , 2012
Anderson, South Carolina