IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No.: 6:04-cr-00022-GRA-3 |
| | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| Henry Earl Miller, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court upon Defendant Henry Earl Miller's ("Defendant") *pro se* Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Specifically, Defendant asks the Court to alter or amend its December 20, 2012, Order dismissing Defendant's Motion for Judicial Review of Government's Failure to File a Rule 35(b) motion on Behalf of Defendant.

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Defendant brings this Motion under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Thus, Rule 59(e) permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Id.* (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). However, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.*

After a thorough review of this Motion and the original motion and order, this Court finds that its prior decision was and is correct as a matter of law. Consequently, this Court must deny Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Alter or Amend Judgment is DENIED.

**IT IS SO ORDERED.**

_____

G. Ross Anderson, Jr.
Senior United States District Judge

January 18, 2013
Anderson, South Carolina