IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | |
| | ) | Cr. No.: 6:04-cr-00022-GRA-3 |
| | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| Henry Earl Miller, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court are Movant Henry Earl Miller's ("Movant's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and Motion to Recuse. ECF Nos. 680 & 689.

### Standard of Review

Movant brings these motions *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

### Discussion

**I. § 2255 Motion**

Movant argues that his sentence should be vacated in light of the United States Supreme Court's Ruling in *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012). ECF No. 680. For the reasons stated herein, Movant's motion is DISMISSED.

It is well-established that, "[a]s a threshold matter, . . . defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through a § 2255." *Rice v.* Rivera, 617 F.3d 802, 807 (4th Cir. 2010). However, Congress has significantly limited a prisoner's ability to file a second or successive § 2255 petition. In order to file a viable successive petition, a defendant's motion must be certified by the appropriate Court of Appeals. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *In re Goodard*, 170 F.3d 435, 436 (4th Cir. 1999) (citing 28 U.S.C. § 2244(b)(3)). The petition for certification must contain: (1) "newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) *a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable*." 28 U.S.C. § 2255(h) (emphasis added).

In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *See Rice*, 617 F.3d at 806–808; *Winestock*, 340 F.3d at 205 (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000)). Here, Movant has filed several previous § 2255 motions and has not obtained the necessary authorization from the Fourth Circuit to file a successive petition. *See* ECF Nos. 325, 354, 362, 543, & 577. Relying on *Stewart v. United* States, 646 F.3d 856 (11th Cir. 2011), Movant argues that pre-filing authorization is unnecessary in this instance, because his claim could not have been raised prior to the Supreme Court's decision in *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012). In *Stewart*, the Eleventh Circuit recognized that a "small subset" of numerically successive § 2255 Petitions are not successive and thus are not barred. *Stewart*, 646 F.3d at 865. However, unlike the

petitioner in *Stewart*, Movant bases his claim on what he believes to be a new rule of constitutional law.[1]  28 U.S.C. § 2244 specifically provides that absent pre-filing authorization from the appropriate court of appeals, the district court does not have jurisdiction over such claims.  In order to pursue his claim, Movant must first obtain pre-filing authorization from the Fourth Circuit.  Thus, this Court cannot consider the present petition, and it must be dismissed for lack of jurisdiction.

**II. Motion for Recusal**

Movant has also filed a "Motion to Recuse Judge G. Ross Anderson Based on His Extreme Personal Bias and Prejudice against Petitioner Henry Earl Miller."  ECF No. 689.  In support of his Motion for Recusal, Movant claims that the Honorable G. Ross Anderson, Jr. has demonstrated "actual and extreme personal bias and prejudice" by not addressing a successive § 2255 petition submitted by Movant on January 24, 2013.[2]  Movant also claims that the Court is personally aware of facts that he believes support his § 2255 petition and that Judge Anderson is "Biasedly and Prejudicially Utilizing The Riddle Order As A Means to Deliberately Deny [Movant] Access to the Courts . . . ."

28 U.S.C. § 455 governs disqualification of federal district court judges.  In pertinent part, the statute provides:

---

[1] The petitioner in *Stewart* filed a § 2255 petition after the Georgia Supreme Court vacated state criminal convictions that had been used to enhance his federal sentence.  *Stewart*, 646 F.3d at 858.  The court held that the petitioner could not have possibly raised the claims in his first habeas corpus petition, because the *factual basis* of his claim *did not exist* at the time that he filed the petition.  *Id.* at 865.  Such a situation is easily distinguishable from the instant case in which the Movant bases his claim on a "new constitutional rule of law."  *See Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) ("Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) *are successive* under § 2244(b)(2)(A): Indeed this is the reason why authorization is needed to obtain review of a successive petition.  [To hold otherwise] would permit an end-run around § 2244.  The new rule of constitutional law would be non-successive because it was previously unavailable, so no authorization would be required.  Were [petitioner] correct, § 2244(b)(2) would be rendered surplusage.").

[2] Prisoner petitions are deemed filed when they are delivered to prison authorities for mailing to the court.  *See Houston v. Lack*, 493 U.S. 920 (1989).

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

*Id.*

In the Fourth Circuit, the standard outlined in subsection (a) is analyzed objectively by determining whether a reasonable person with knowledge of the relevant facts and circumstances might question the judge's impartiality. *See United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). The "reasonable person" is a "well-informed, thoughtful observer," who is not "hypersensitive or unduly suspicious." *Rosenberg v. Currie*, No. 0:10-1555-DCN-PJG, 2010 WL 3891966, at *1 (D.S.C. Sept. 3 2010) (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)); *see Cherry*, 330 F.3d at 665 (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)) ("A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation.'"). With regard to subsection (b)(1), bias or prejudice must be proven by compelling evidence. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

Section 455 does not require the judge to accept as true all allegations by a moving party; rather, the judge must disqualify himself upon a finding that the facts cast doubt on his impartiality regardless of how they come to his attention. *Lindsey v. City of Beaufort*, 911 F. Supp. 962, 967 n. 4 (D.S.C. 1995). The requirement that a trial judge recuse himself under guidelines enunciated in 28 U.S.C. § 455 recognizes the importance of preserving a "fair and impartial tribunal [as] the basic guardian of all cherished notions of due process embodied in the Constitution of the United States." *Id.* at 967 (citing *In re Murchison*, 349 U.S. 133, 75 S. Ct. 623, 99 L.Ed. 942 (1955)). The motion to recuse must be based on bias that is extrajudicial or personal in nature, and must result in an

opinion based on something other than what was learned from the judge's participation in the case. *Id.*

Movant's allegations that Judge Anderson is biased are unfounded and not supported with any evidence other than Movant's own allegations. Under the Riddle Order, Movant is "enjoined from filing further frivolous, vexatious, and repetitive claims and motions relating to the validity of his 2005 conviction, including future 28 U.S.C. § 2255 and 2241 claims." ECF No. 649. The Court properly declined to address Movant's successive § 2255 Petition pursuant to the Riddle Order. However, in an effort to explain to the Movant why he is not entitled to relief, the Court has addressed the Petition above. Movant is reminded that he is subject to the contempt powers of this Court for filing future motions in violation of the Riddle Order.

**IT IS THEREFORE ORDERED** that Petitioner's § 2255 Motion is DISMISSED as an uncertified, successive petition.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Recuse Judge G. Ross Anderson Jr., is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

April 1 , 2013
Anderson, South Carolina